UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WALTER EDWARD JOHNSON, JR. (#104558)

VERSUS                                                          CIVIL ACTION

JOE LAMARTINIERE, ET AL                                         NUMBER 09-176-JVP-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May __27__, 2009.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WALTER EDWARD JOHNSON, JR. (#104558)

VERSUS                                                          CIVIL ACTION

JOE LAMARTINIERE, ET AL                                NUMBER 09-176-JVP-DLD

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Assistant Warden Joe Lamartiniere, Master Sgt. J. Bolden, and Master Sgt. K. Davis. Plaintiff alleged that on May 25, 2007, he was injured when the transport vehicle in which he was a passenger negligently struck a perimeter post during a single vehicle collision.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous

only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Plaintiff signed his complaint on March 21, 2009, and it was filed on March 30, 2009. Therefore, any claims plaintiff had against these defendants regarding acts which occurred on May 25, 2007, have prescribed.

Because it is clear that the plaintiff's claims against the defendants have no arguable basis in fact or in law the claims against the defendants should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Baton Rouge, Louisiana, May __27__, 2009.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE